[Cite as *State ex rel. Dann v. Tabacalera Nacional, S.A.A.*, 2012-Ohio-5301.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

STATE OF OHIO, ex rel. ATTORNEY GENERAL MARC DANN

    Plaintiff/Counter Defendant

    v.

TABACALERA NACIONAL, S.A.A.

    Defendant/Counter Plaintiff

Case No. 2008-09848-PR

Judge Clark B. Weaver Sr.
Magistrate Lewis F. Pettigrew

JUDGMENT ENTRY

{¶ 1} This case arises from a settlement agreement entered into between defendant/counter plaintiff, Tabacalera Nacional, S.A.A. (Tanasa) and plaintiff/counter defendant, State of Ohio, ex rel. Attorney General Marc Dann (the State). On May 20, 2011, the court granted Tanasa's motion for summary judgment as to its counterclaim for breach of contract and a trial was then held on the issue of damages before a magistrate. On March 16, 2012, the magistrate issued a decision recommending judgment in favor of Tanasa on its counterclaim in the amount of $38,053.30. On the same day, the court adopted the magistrate's recommendation pursuant to Civ.R. 53(D)(4)(d)(i) and entered judgment in favor of Tanasa in the amount of $38,053.30.

{¶ 2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R.

53(D)(4)(e)(i)." On March 29, 2012, the State filed objections. On April 27, 2012, Tanasa filed a combined memorandum contra and cross-objection.[1]

{¶ 3} Tanasa sought to recover attorney fees and litigation expenses for the law firm of Doucher & Doucher, located in Columbus, Ohio (Doucher) and attorney Jonathan Weis of Levin Ginsburg, located in Chicago, Illinois. The magistrate limited Tanasa's presentation of evidence to only the fees incurred by Doucher.[2] At trial, the State objected to the inclusion of any testimony regarding the fees of Doucher because of Tanasa's failure to comply with the Rules of Civil Procedure and court orders. However, the magistrate allowed the testimony of Kimberly Doucher regarding her fees and the expert testimony of John Mazza regarding the reasonableness of the Doucher fees. Based on those findings, the magistrate determined that Tanasa incurred reasonable and necessary attorney fees and expenses in the amount of $38,053.30.

{¶ 4} The State's first objection relates to the magistrate's conclusion that attorney fees can be recovered by Tanasa in this action. The State argues that neither the parties' settlement agreement nor R.C. 2743.19 and 2335.39 allows Tanasa to recover attorney fees. The State acknowledges that it presented these same arguments in its October 14, 2011 motion for summary judgment. The court addressed those arguments and denied the State's motion in its November 22, 2011 decision, and for the reasons set forth therein, the objection shall be overruled.

{¶ 5} In its second objection, the State contends that the magistrate erred in allowing Tanasa to present any evidence of its damages based upon both the arguments presented in the State's March 2, 2012 motion in limine and Tanasa's failure to comply with a court order to produce discovery.

---

[1]On May 2, 2012, the State filed a motion to strike Tanasa's memorandum contra and cross-objection as untimely. On May 7, 2012, the State withdrew its May 2, 2012 motion to strike. The May 2, 2012 motion to strike is WITHDRAWN.
[2]The magistrate allowed Tanasa to proffer the trial testimony of Weis and excluded the portion of Mazza's deposition testimony as it related to Levin Ginsburg's fees.

{¶ 6} In the court's September 26, 2011 entry granting the State's motion to compel discovery requests related to Tanasa's legal expenses, the court stated that Tanasa "shall provide [the State] with complete and un-redacted responses to the relevant discovery requests within *10 days* of the date of this entry." In its March 2, 2012 motion in limine, the State asserted that while Tanasa provided some documentation in accordance with the court's order, Tanasa failed to provide all of the invoices used to support it claims for damages.

{¶ 7} At trial, the State admitted that as of October 6, 2011, it had received a portion of the invoices from Doucher and that several weeks after October 6, 2011, further invoices from Doucher were provided. The first time any invoices for Levin Ginsburg were provided to the State was after the October 6, 2011 deadline.

{¶ 8} Upon review, the court finds that the magistrate correctly allowed the evidence of the legal fees from Doucher to be introduced at trial inasmuch as Tanasa provided discovery regarding Doucher's fees both before and after October 6, 2011. Further, the magistrate properly excluded evidence of Levin Ginsburg's fees as no invoices for attorney Weis' expenses were provided before October 6, 2011. Accordingly, the objection shall be overruled.

{¶ 9} In its third objection, the State argues that the magistrate erred in allowing Tanasa to present evidence and expert testimony regarding legal fees it incurred from Doucher between August 24, 2010 and February 10, 2012.

{¶ 10} At trial, the State argued that Tanasa's expert report from John Mazza only addressed Doucher's legal invoices produced through August 24, 2010, and that Tanasa never produced a supplemental report regarding subsequent invoices from Doucher. Mazza never provided a report regarding any of the legal invoices from Levin Ginsburg. Pursuant to L.C.C.R. 7(E)[3], a party may not call an expert witness to testify

---

[3]L.C.C.R. 7(E) states, in part: "A party may not call an expert witness to testify unless a written report has been procured from said witness. It is the trial attorney's responsibility to take reasonable measures, including the procurement of supplemental reports, to insure that each such report adequately

unless a written report has been provided by such witness. The magistrate concluded at trial that because Doucher had an "ongoing tab" accruing additional legal fees and expenses, Doucher was not expected to comply with the 30-day supplemental report requirement. The magistrate also ruled that because Mazza's report does not address Levin Ginsburg's fees, expert testimony was not permitted regarding its legal fees.

{¶ 11} In September 2011, Tanasa provided the State with an expert report setting forth Mazza's opinion regarding Doucher's fees. While Mazza's report does not address fees beyond August 2010, the court finds that any such failure to update the expert report regarding Doucher's fees has not unduly prejudiced the State. "The purpose of the discovery rules is to avoid the element of surprise. However, these rules are not designed to be enforced in a manner that causes undue prejudice to their noncompliance." *Laster v. Light*, 8th Dist. No. 66747 (Mar. 16, 1995), citing *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83 (1985) (applying Cuyahoga County Loc.R. 21.1, the appeals court concluded that it is within the trial court's purview to assess the prejudice presented by the evidence which is sought to be excluded). Tanasa has provided good cause as to why a supplemental expert report was not supplied to the State more than 30 days before trial. The court finds that because this litigation was ongoing, the State knew that Tanasa would continue to incur legal expenses and that Doucher would continue to bill Tanasa. There has been no undue prejudice to the State. Accordingly, the objection shall be overruled.

{¶ 12} Finally, the State objects to the magistrate's failure to "apply an adverse evidentiary inference based on Tanasa's bad faith refusal to provide discovery responses concerning potential collateral sources of payment under R.C. 2743.02(D)." The State argues that Tanasa failed to produce discovery regarding payment of its fees

---

sets forth the expert's opinion. However, unless good cause is shown, all supplemental reports must be supplied no later than thirty days prior to trial. The report of an expert must reflect his opinions as to each issue on which the expert will testify. An expert will not be permitted to testify or provide opinions on issues not raised in his report."

which may establish that a collateral source paid Tanasa's legal fees. The magistrate found that the State's argument that payment of Tanasa's legal fees by an unidentified third party constituted a collateral source was unsupported by the law and the evidence.

{¶ 13} Civ.R. 37(B)(2) states, in part: "If any party * * * fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule and Rule 35, the court in which the action is pending *may make such orders in regard to the failure as are just*, and among others the following: (a) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action * * *." (Emphasis added.) "Pursuant to Civ.R. 37(B)(2)(a) * * *, for failure to provide discovery, the trial court has the discretion to order matters established * * *." *Rice v. Natl. Fleet Serv.*, 5th Dist. No. 1998CA00117 (Oct. 13, 1998). The court concludes that sanctions are not just in this case. Upon review, the court agrees with the magistrate's determination and sanctions will not be imposed for Tanasa's failure to provide the requested discovery. Accordingly, the objection shall be overruled.

{¶ 14} Tanasa's cross-objection relates to the exclusion of a damages award for the fees incurred by attorney Weis of Levin Ginsburg. Its objection is two-fold. First, Tanasa argues that Mazza's testimony should have been admitted in its entirety, including his opinions on the fees incurred by Levin Ginsburg. At trial, the magistrate sustained the State's objection to Mazza's opinions as it related to Levin Ginsburg because Tanasa failed to provide a supplemental expert report that included Mazza's opinion as to Levin Ginsburg's fees. Mazza's report provided opinions as to the reasonableness of Doucher's fees but it failed to provide any opinion on Levin Ginsburg's fees. Accordingly, the court finds that the magistrate properly excluded Mazza's testimony as no report was ever provided to the State regarding opinions on the reasonableness of Levin Ginsburg's fees pursuant to L.C.C.R. 7(E).

{¶ 15} Further, Tanasa argues that Levin Ginsburg's invoices should not have been excluded. Tanasa contends that even without expert testimony, it can still recover

fees as testified by attorney Weis.  The magistrate's decision states, "[T]he court finds that Tanasa's late production of Weis' itemized invoice has unfairly prejudiced the State in its defense of Weis' fees."

{¶ 16} The court agrees with the magistrate's exclusion of Weis' testimony regarding his fees for Levin Ginsburg.  Tanasa failed to comply with the September 26, 2011 court order by failing to provide the pertinent discovery materials within 10 days.  At trial, Tanasa admitted that none of attorney Weis' invoices were provided to the State before October 6, 2011.  Upon review, the court agrees with the magistrate's decision to exclude Weis' testimony and Mazza's expert testimony regarding the attorney fees for Weis.  The magistrate was correct in not allowing Tanasa to recover those fees.  Accordingly, Tanasa's objection shall be overruled.

{¶ 17} Upon review of the record, the transcript, the magistrate's decision and the objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law.  Both the State's objections and Tanasa's objections are OVERRULED.  Therefore, pursuant to Civ.R. 53(D)(4)(e)(i), the court "adheres to the judgment previously entered."

 

 

_____
CLARK B. WEAVER SR.
Judge

cc:

Angela M. Sullivan                              Christopher P. Conomy
Assistant Attorney General                  Assistant Attorney General
Tobacco Enforcement Section             150 East Gay Street, 18th Floor
30 East Broad Street, 16th Floor          Columbus, Ohio 43215-3130
Columbus, Ohio 43215

Kimberley A. Doucher
6385 Shier Rings Road, Suite 100
Dublin, Ohio 43016

007
Filed June 15, 2012
To S.C. Reporter November 15, 2012